CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
DEC 16 2008
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EVELYN L. LEGANS, | ) |
| | ) Civil Action No. 7:08CV00242 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:  Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Evelyn Legans, was born on August 11, 1963, and eventually reached the ninth grade in school. Mrs. Legans has worked as an assembler and packager. She last worked on a regular and sustained basis in March of 2004, although she had an unsuccessful work attempt as a cashier in mid-2005. On July 21, 2005, Mrs. Legans filed an application for a period of disability and disability insurance benefits. Mrs. Legans alleged that she became disabled for all forms of

substantial gainful employment on March 12, 2004 due to a partial amputation of her right hand. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Legans met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. § 423.

Mrs. Legans' claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 24, 2007, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Legans suffers from a severe impairment on the basis of an amputation of her right thumb and right index finger with resulting complex regional pain syndrome of the right upper extremity. Because of this impairment, the Law Judge ruled that plaintiff is disabled for her past relevant work activities. However, the Law Judge held that plaintiff remains capable of performing certain forms of light exertional activity. The Law Judge assessed Mrs. Legans' residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light exertional level work provided it is limited to lifting/carrying 20 pounds occasionally, and 10 frequently; no lifting over 5 pounds with her right dominant hand; occasional fingering and handling with her right hand; no exposure to cold/heat or hazards; and no pushing/pulling with her right upper extremity.

(TR 20). Given such a residual functional capacity, and after considering plaintiff's age, education and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mrs. Legans retains the capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Legans is not disabled, and that she is not entitled to a period of disability or disability insurance benefits.

2

See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Legans has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. It seems that Mrs. Legans injured her right hand while operating a press at work on March 12, 2004. She underwent revision amputations of her thumb to the interphalangeal joint and her index finger to the distal interphalangeal joint. Thereafter, she continued to complain of significant pain in her right hand. In the months following her surgery, she saw several doctors on a number of occasions, and she engaged in regular physical therapy sessions. Based on plaintiff's continuing subjective complaints, she was referred to Dr. Hugh Hagan, an orthopaedist specializing in hands. On October 1, 2004, Dr. Hagan performed revision amputations with the excision of several neuromas from plaintiff's right thumb and index finger. By January 3, 2005, Dr. Hagan considered Mrs. Legans to be capable of returning to work activity which did not require use of her right hand.

3

For purposes of Mrs. Legans' case, the statute, 42 U.S.C. § 423(d)(1)(A), defines a qualifying disability as follows:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

In the instant case, the court believes that the Commissioner might reasonably rely on the reports from Dr. Hagan in determining that Mrs. Legans regained the capacity for substantial gainful activity within a period of twelve months following her work-related injury. The Administrative Law Judge also relied on the report of Dr. Thomas Phillips, a nonexamining state agency physician, who reviewed plaintiff's medical records and produced physical capacity findings similar to those of Dr. Hagan. The court also recognizes that, while plaintiff has been seen by several other doctors, including a pain specialist, no physician has suggested that Mrs. Legans is disabled for all forms of sustained work activity. Given the reports from plaintiff's treating hand specialist, the court must conclude that there is substantial evidence to support the Law Judge's finding that Mrs. Legans was not disabled within the meaning of the Act at any time prior to the date of the Administrative Law Judge's opinion.

On appeal to this court, plaintiff cites several deficiencies in the administrative adjudication. Mrs. Legans urges that the Law Judge discounted her testimony as to persistent pain in her right upper extremity. It is true that at the time of the two administrative hearings, Mrs. Legans testified as to the severity and persistence of the pain radiating from the site of her surgical procedure. However, the court believes that the Administrative Law Judge reasonably concluded that the objective medical evidence, especially the reports from Dr. Hagan and Dr. Marc Swanson, the pain

4

management specialist, did not document the presence of such physical conditions as could be expected to produce the level of pain described by plaintiff in her testimony. Indeed, the medical reports indicate that Mrs. Legans noted improvement in her pain as her treatment progressed. It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medial record in adjudicating plaintiff's claim for benefits.

Mrs. Legans also contends that the Administrative Law Judge improperly relied on the testimony of the vocational expert in considering capacity for alternate work activities. More specifically, Mrs. Legans believes that Dr. Hagan's report indicates that she could not use her right hand for work activity for a period exceeding twelve months after the date of her injury, and that the jobs envisioned by the vocational expert require use of both upper extremities. However, the court understands the vocational expert's testimony to indicate that individuals who have essentially lost the use of one upper extremity could perform work activity as an information clerk and ticket taker, and that both jobs exist in significant number in the national economy. (TR 342-43). The court concludes that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the medical record in the case.

Finally, the court notes that, at oral argument, Mrs. Legans indicated that she has begun to experience some difficulty with her left hand. However, the court notes that this concern was not presented to the Administrative Law Judge, and that the medical record before the Commissioner did not document the existence of such problems or complaints. If plaintiff's medical situation has

worsened since the time of the Commissioner's final decision, the appropriate remedy is to file a new application for a period of disability and disability insurance benefits. In this regard, the court notes that plaintiff's insured status extended for several months after the date of the Commissioner's final decision in this matter.

For the reasons cited, the court believes that the Commissioner's final decision is supported by substantial evidence, and that the Commissioner's disposition must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Mrs. Legans is free of all pain, discomfort, and weakness. Indeed, the medical record confirms that plaintiff has suffered from a very serious work-related accident, and that she can be expected to experience significant symptomatology for the rest of her life. However, it must again be noted that the doctors who treated plaintiff's hand injury specifically found that her symptoms improved with treatment and the passage of time. The hand specialist who performed the revision surgery concluded that Mrs. Legans regained the capacity to perform certain levels of work activity within twelve months following the date of her injury. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, if plaintiff's condition has worsened since the development of the medical reports considered by the Commissioner in denying her claim, Mrs. Legans may wish to file a new application for a period of disability and disability insurance benefits.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by

6

substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 16th day of December, 2008.

/s/ Glen Conrad
United States District Judge